Case 4:26-cv-00551   Document 1-2   Filed 01/23/26 in TXSD   Page 1 of 6

12/29/2025 10:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 109482474
By: Tianni Williams
Filed: 12/29/2025 10:40 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **TERESITA MASON,** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| **V.** | § § § | \_\_\_\_ **JUDICIAL DISTRICT** |
| **GRAND LUX CAFE LLC,** *Defendant.* | § § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, TERESITA MASON, hereinafter called Plaintiff, complaining of and about GRAND LUX CAFE LLC, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

### II.   PARTIES AND SERVICE

2. Plaintiff, TERESITA MASON, is an Individual whose address is 1446 Shaded Rock Drive, Sienna, TX 77459. The last three digits of her social security number are 542.

3. Defendant, GRAND LUX CAFE LLC, is authorized to do business in the state of Texas. It may be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at the following address: 211 E. 7th Street, Suite 620, Austin, TX 78701. Service of said Defendant can be affected by personal delivery.

### III.   JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5.  This court has jurisdiction over the parties because Defendant, GRAND LUX CAFE LLC, purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.  Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8.  Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

9.  On or about November 4, 2024, Plaintiff, TERESITA MASON, slipped and fell in water covering the women's restroom floor that was open and not visible from her standpoint. This happened inside the Grand Lux Cafe located at 5000 Westheimer Road, Houston, TX 77056. As a result, Plaintiff suffered serious bodily injuries.

10.  At the time of the incident, Plaintiff was an invitee on the property. The property is owned, controlled, and/or managed by Defendant, GRAND LUX CAFE LLC. Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in question. Plaintiff's fall was proximately caused by the water on the women's restroom floor,

which was under the control of Defendant and/or Defendant's agents, servants, employees and/or representatives, and/or individuals under the direction, control, or management of Defendant.

### V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

11. At all times mentioned herein, Defendant owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

   a. In failing to maintain the pathways of the pedestrian areas, specifically the women's restroom floor, in a reasonably safe manner;

   b. In failing to warn Plaintiff of the dangerous condition;

   c. In permitting the pathway to remain in its dangerous state;

   d. In failing to make the dangerous condition safe;

   e. In failing to properly train, supervise, manage, and control its employees or agents responsible for the cleaning and maintenance of the floors;

   f. In failing to properly supervise its employees;

   g. In failing to provide Plaintiff a safe place in which to walk; and

   h. In failing to properly and timely inspect the area.

12. At the time of the incident in question, Plaintiff was an invitee in the Defendant's premises. Plaintiff, TERESITA MASON, entered the premises of the GRAND LUX CAFE LLC with express or implied knowledge for the parties' mutual benefit because she was there to dine at the restaurant.

13. At the time of the incident in question, Defendant and its agents, servants, employees and/or representatives, managed, possessed, controlled, and/or owned jointly the

premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide safe premises. Defendant knew or should have known of the dangerous condition, taken corrective action in a timely manner and provided proper notice to employees and customers frequenting the area. Defendant failed to do so. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

## VI.   DAMAGES FOR PLAINTIFF, TERESITA MASON

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, TERESITA MASON, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, TERESITA MASON for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in and around Harris County, Texas;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Loss of earnings in the past;

   f. Loss of earning capacity which will, in all probability, be incurred in the future;

   g. Loss of Household Services in the past;

   h. Loss of Household Services in the future;

  i.  Mental anguish in the past; and

  j.  Mental anguish in the future.

## VII. DEMAND FOR TRIAL BY JURY

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TERESITA MASON, respectfully prays that the Defendant, GRAND LUX CAFE LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

  Respectfully submitted,

  JD Law Firm

  By: _____
  **Jovani Diaz**
  Texas Bar No. 24101698
  2180 North Loop West, Suite 510
  Houston, Tx 77018
  Tel.: (713) 589-3610
  Fax: (713) 766-6587
  Email: jd@jdlawfirm.com
  **ATTORNEY FOR PLAINTIFF**
  **TERESITA MASON**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109482474
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 12/29/2025 12:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cadie Vilchez | | cv@jdlawfirm.com | 12/29/2025 10:40:12 AM | NOT SENT |
| Jovani Diaz | | jd@jdlawfirm.com | 12/29/2025 10:40:12 AM | NOT SENT |