United States District Court
Southern District of Texas

**ENTERED**

July 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TERESITA MASON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-551 |
| | § | |
| GRAND LUX CAFE LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Teresita Mason has sued Grand Lux Cafe, LLC for negligence (premises liability) and negligent training and hiring based on her slip-and-fall on a puddle in the restaurant's restroom. (Docket Entry No. 10).  Grand Lux has moved to dismiss Mason's complaint, arguing that it fails to allege that Grand Lux had at least constructive knowledge of the puddle in the restroom. (Docket Entry No. 6).  Because Mason's complaint does not adequately allege that Grand Lux had constructive knowledge of the puddle in the restroom, and because Mason could not amend her complaint to adequately allege that element of her claim, the court dismisses Mason's complaint with prejudice.

"To prevail on a premises liability claim under Texas law, a plaintiff must establish: '(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.'"  *Barron v. United States*, 111 F.4th 667, 672 (5th Cir. 2024) (alterations in original) (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017)).  A plaintiff satisfies the knowledge element "by

showing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it, also known as 'constructive knowledge.'" *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 669 (2025) (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)). "Plaintiffs may rely on both direct and circumstantial evidence of a defendant's knowledge." *McCarty*, 864 F.3d at 358.

The complaint allegations do not support an inference that Grand Lux caused the clear liquid to puddle on the floor or that it had actual knowledge that there was a puddle on the floor. *See Venancio v. Wal-Mart Stores Texas, LLC*, 804 F. Supp. 3d 709, 714 (S.D. Tex. 2025). Mason does not allege that any Grand Lux employee caused the puddle or walked into the bathroom, saw it, and failed to clean it up. To the contrary. Mason alleges that other bathroom patrons likely left the sink tap on, causing it to overflow. (*See* Docket Entry No. 10 ¶ 13).

The question is whether Grand Lux had constructive notice that the water was on the floor before Mason slipped and fell. *Vanoye v. Fiesta Mart, LLC*, No. CV H-25-3342, 2026 WL 1786313, at *1 (S.D. Tex. June 22, 2026). An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. The condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. Some temporal evidence is

required for a premises-liability plaintiff to defeat a motion for summary judgment. *See id.* at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

The complaint does not allege that Mason saw the puddle of water when she entered the restroom. Her theory of the case appears to be that the puddle accumulated while she was in the restroom stall. Mason alleges that "[d]ue to the nature of [her] garments, it took [her] a substantial amount of time to undress and dress while inside the stall," and that "[d]uring this time, [she] overheard several other patrons enter and exit the restroom." (Docket Entry No. 10 ¶ 10). Mason does not allege how long she was in the restroom before she left the stall. Nor does she allege how long the water in the sink had been left to run. The complaint allegations do not establish precisely how long the puddle of water had been on the floor.

The water—a clear liquid—was not conspicuous. The liquid was not on the floor long enough to establish constructive knowledge. *See, e.g.*, *Agbonzee v. Wal-Mart Stores Texas, LLC*, No. 4:19-CV-04985, 2021 WL 3616095, at *1 (S.D. Tex. May 18, 2021) (holding that there was not constructive notice when a child spilled a clear liquid on the floor more than twelve minutes before the fall and multiple employees walked and stood near the liquid), *aff'd*, No. 21-20395, 2022 WL 3137428 (5th Cir. Aug. 5, 2022); *see also Robbins v. Sam's E., Inc.*, No. 21-20050, 2021

WL 3713543, at *2 (5th Cir. Aug. 20, 2021) (same for fruit on the floor for ten minutes); *Brookshire Food Stores, LLC v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (same for grapes on the floor for longer than 15 minutes). Even if Mason needed extra time to adjust her clothing before opening the restroom stall door, the court struggles to see how Mason used the restroom for such a substantial length of time that while she was in a stall that: (a) another patron opened the sink taps and let the water flow; (b) by the time Mason left the restroom stall, a puddle of water had formed on the floor; and (c) a Grand Lux employee should have come into the restroom after the other patron had opened the sink taps but before Mason had left the restroom stall, noticed the clear puddle, and taken steps to mop it or warn about it.

Mason attempts to establish constructive notice by arguing that a Grand Lux employee acknowledged that there were "ongoing, recurring problems with patrons leaving the restroom sink running." (Docket Entry No. 10 ¶ 13). But even if running taps were a recurring problem, the court's conclusion does not change; the complaint allegations do not show that the puddle of water was on the floor long enough for a Grand Lux employee to see it and take corrective action. *See Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 518 (5th Cir. 2015) (per curiam) (holding that there was no constructive notice of a clear puddle when the store employees inspected the restroom "every ten minutes during peak hours and every ten to thirty minutes"); *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000) (holding that there was no constructive notice of a restroom puddle when "the evidence reveal[ed] that the restroom went unobserved by Total employees for, at the most, forty-five minutes").

Mason's premises liability claim fails for failure to allege facts supporting an inference of constructive knowledge. Mason's negligent supervision and training claims fail because Mason does not allege facts showing that the puddle was on the floor long enough for Grand Lux

employees with proper training to have discovered it before Mason fell.  Because Mason attempted

to amend her complaint and failed to adequately allege her claims, the court concludes that further

amendment would be futile.  The dismissal is with prejudice.

A final judgment is entered separately.

SIGNED on July 20, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge